UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ADAM JOHN DAVIS,

    Petitioner,

v.

JAMIE MILLER,

    Respondent.

Case No. 2:23-cv-00460-AA

OPINION AND ORDER

AIKEN, District Judge.

    Petitioner brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and claims that his counsel provided ineffective assistance at trial in violation of the Sixth Amendment. Respondent contends that the Petition should be denied because Petitioner's claims are unexhausted and procedurally defaulted. The record reflects that Petitioner did not fairly present his federal claims to the Oregon courts, and his Petition is barred from federal review through procedural default.

1   - OPINION AND ORDER

BACKGROUND

In December 2015, Petitioner was indicted on two counts of Rape in the First Degree. Resp't Ex. 102. Petitioner was accused of raping a woman, H, who had fallen asleep on a couch in his apartment after consuming alcohol and engaging in consensual sexual activity with a friend of Petitioner's. *See, e.g.,* Resp't Ex. 103 at 109-110. In Count 1, Petitioner was charged with Rape in the First Degree "by means of forcible compulsion" and in Count 2, Petitioner was charged with Rape in the First Degree based on H's incapacity or physical helplessness. Resp't Ex. 102.

The case proceeded to trial. H testified that Petitioner had assaulted her while she slept on his couch and that she woke up as Petitioner was raping her from behind. Resp't Ex. 103 at 179-85. H testified that she kicked Petitioner off her and fled the apartment, calling him a "fucking rapist." *Id.* at 181, 184, 186. H returned home and called a friend, who called H's mother. *Id.* at 188. Due to the pain she was experiencing, H's mother took her to the hospital. *Id.* at 189-90. H was examined by a nurse and reported the rape to the police on the same day. *Id.* at 195.

Petitioner took the stand and testified that he and H had consensual sex. Resp't Ex. 103 at 271. During his direct examination, Petitioner testified that police officers arrived at his home to question him after H reported that Petitioner had raped her. Petitioner testified that he told the police that he did not know H, and because his nine-year-old daughter was present, that he "wanted an attorney" and would not answer further questions. *Id.* at 274. After a sidebar discussion between the trial court and counsel, Petitioner's counsel asked if he could "caution" his client. *Id.* The trial court agreed, and direct examination resumed. Petitioner again raised his invocation of counsel in response to a question and the trial court advised Petitioner that "we don't want to discuss that." *Id.* at 275.

On cross-examination, Petitioner testified that he "asked for an attorney" and "did not say another word" after officers informed him about the rape accusation. Resp't Ex. 103 at 282. The trial court advised Petitioner, "And again, sir, I don't want to discuss your seeking advice of counsel." *Id.* Petitioner responded a third time that he "did ask for counsel," and the trial court stated, "Yep; same warning, sir," and advised the prosecutor to rephrase the question. *Id.* at 284.

The prosecutor continued questioning Petitioner about his statements and asked, "Instead of just telling the officers that you had consensual sex with somebody you withheld information and let your daughter, whom I assuming you're saying is right there…" Resp't 103 at 286. Petitioner's counsel objected, arguing that "there's no obligation to tell the police anything" and requested a curative instruction. *Id.* The trial court sustained the objection and noted that he would issue an instruction at the close of the case. *Id.*

During closing argument, the prosecutor argued:

When you ask yourself that question, who can you believe, the answer is certainly not the Defendant because the Defendant lied. Claims [he] didn't want to talk to them because his daughter was there, which makes no sense because the allegation was already being made in front of his daughter, if you believe what he was saying. The police questioned him for a rape suspect. They were there for over an hour. Defendant, again, never tells police, "We can do this somewhere else."

Resp't Ex. 103 at 318. Petitioner's counsel objected, arguing "That implies that he has an obligation to talk to them at some point." *Id.* The trial court overruled the objection "with the same caveat in mind, folks; the instruction I gave you earlier." *Id.* at 319. The prosecutor also argued:

When you look at this, this really does come down to who you believe. You have a victim who's given her statement at least five times and is corroborated by the physical evidence that DNA exists; corroborated by the physical findings by the Sexual Assault Nurse Examiner. And then you have the Defendant, who lies to the police when he's given every opportunity to tell them what happened.

Resp't Ex. 103 at 321. Petitioner's counsel objected, and the trial court made the same ruling. *Id.*

3    - OPINION AND ORDER

The State dismissed Count 1 at the close of evidence, and the trial court issued jury instructions. Resp't Ex. 103 at 258, 301-06. In particular, the court instructed:

> I want to pick up where we left off with the Defendant's testimony, because he did comment to you that he had asked to speak with counsel when the police were interviewing him. So I want to remind you that among the most fundamental rights in this nation are the right to remain silent and the right to counsel.
>
> The Defendant told you that he did not engage in extensive discussions with the police, and in fact asked to speak with counsel. Under no circumstances can you hold this against the Defendant. In particular, you are not to presume that he was hiding something or that he was required, under any circumstance, to answer additional questions or to forego his absolute right to counsel.

*Id.* at 301.

After deliberations, the jury unanimously found Petitioner guilty of Count 2. *Id.* 339. The trial court imposed a sentence of 130 months of incarceration. *Id.* at 354; Resp't Ex. 101 at 3.

Petitioner appealed and asserted five assignments of error. Resp't Ex. 104. In his first three assignments of error, Petitioner argued that the prosecutor improperly commented on Petitioner's exercise of the right against self-incrimination when questioned by the police. *Id.* at 14-31. In his fourth and fifth assignments of error, Petitioner alleged that the prosecutor improperly elicited and commented on a police officer's assessment of Petitioner's credibility. *Id.* at 31-42. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 107-08.

Petitioner then sought post-conviction relief (PCR) in the Oregon courts. Resp't Exs. 109-10. Petitioner claimed that trial counsel rendered ineffective assistance by failing to object on vouching grounds when the police officer commented on Petitioner's credibility and by failing to object to evidence that Petitioner had been included in a photo lineup. Resp't Ex. 110 at 3. The PCR court denied relief, finding that the testimony in question "did not constitute vouching" and

that it was reasonable for counsel not to object." Resp't Ex. 119 at 3. The PCR court also found that any objection to the photo lineup "would not have had legal merit." *Id.* at 4.

Petitioner appealed the PCR court's decision and raised only the vouching argument. Resp't Ex. 120. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 123-24.

## DISCUSSION

Petitioner asserts three grounds for relief and claims that his counsel rendered ineffective assistance at trial by: 1) failing to move for the dismissal of Count 2; 2) failing to object to the prosecutor's closing arguments that commented on Petitioner's invocation of his right against self-incrimination and his right to counsel; and 3) failing to present argument regarding the length of time between the offense and Petitioner's trial. *See* at Pet. at 5-6 (ECF No. 2). Respondent argues that these claims are procedurally defaulted because Petitioner did not raise them in the Oregon courts.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). To meet the exhaustion requirement, a petitioner must present all federal constitutional claims to the State's highest court before seeking federal habeas relief. *Id.*; *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) ("Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state."). "A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) (internal citations omitted).

5    - OPINION AND ORDER

If a claim was not fairly presented to the state courts and no state remedies remain available for the petitioner to do so, the claim is barred from federal review through procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732, 735 n.1 (1991); *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) ("A procedural default may be *caused* by a failure to exhaust federal claims in state court."). A federal court may consider unexhausted and procedurally barred claims only if the petitioner demonstrates cause for the default and actual prejudice, or if the lack of federal review would result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451(2000); *Coleman*, 501 U.S. at 750.

Petitioner's federal claims allege the ineffective assistance of trial counsel. Oregon requires such claims to be raised in a PCR proceeding, and Petitioner did not include any of his federal habeas claims in his state PCR petition. *Ross v. Taylor*, 2016 WL 5799299, at *3 (D. Or. Sept. 30, 2016) (citing *State v. Robinson*, 25 Or. App. 675 (1976) and *Sexton v. Cozner*, 679 F.3d 150, 1159 (9th Cir. 2012)); Resp't Ex. 110. Further, Petitioner is now procedurally barred from raising these claims before the Oregon courts. Or. Rev. Stat. § 138.550(3) (providing that all claims must be asserted in an initial PCR petition unless the claims "could not reasonably have been raised"); *id.* § 138.510(3)(b) (requiring PCR petitions to be filed within two years after the conclusion of direct appeal). Petitioner provides no cause for the default and he fails to show actual prejudice.

In fact, the record flatly contradicts Petitioner's claims for relief. Contrary to Petitioner's claim, his counsel moved for judgment of acquittal on Count 2 and the motion was denied. Resp't Ex. 103 at 258-59. Further, the record makes clear that it was Petitioner who raised the issue of invoking his right to counsel by repeatedly testifying that he requested an attorney when questioned by police officers. *Id.* at 274-75, 282. As a remedy, Petitioner's counsel requested and obtained a limiting instruction on that issue. *Id.* at 279. Petitioner's trial counsel also objected to

the prosecutor's comments that allegedly implicated Petitioner's right against self-incrimination. *See id.* at 286, 318-19, 321. Finally, the jury was well aware that the offense occurred in May 2010 and six years had elapsed before Petitioner stood trial, and counsel had no reason to belabor this point. *Id.* at 73, 107, 122, 139, 155, 178, 197, 267-68, 276, 318.

Accordingly, Petitioner's claims are unexhausted and barred from federal review by procedural default.

## CONCLUSION

The Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED and this case is DISMISSED. A Certificate of Appealability is DENIED on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  8th  day of May, 2024.

_____/s/Ann Aiken_____
ANN AIKEN
United States District Judge

7    - OPINION AND ORDER